**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEREK DERSHEM<br>70 Water Street<br>Loganton, PA 17747<br><br>          Plaintiff,<br><br>     v.<br><br>FTS INTERNATIONAL SERVICES, LLC,<br>777 Main Street, Suite 2900<br>Fort Worth, TX 76102<br><br>          and<br><br>JOHN DOES 1-10<br><br>          Defendants. | INDIVIDUAL ACTION FOR UNPAID<br>OVERTIME UNDER FLSA<br><br>INDIVIDUAL ACTION FOR UNPAID<br>OVERTIME AND UNPAID WAGES<br>UNDER PENNSYLVANIA MINIMUM<br>WAGE ACT AND PENNSYLVANIA WAGE<br>PAYMENT AND COLLECTION LAW<br><br>NO:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Derek Dershem (hereinafter referred to as "Plaintiff") hereby complains as follows against Defendants FTS International Services, LLC and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.       Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law (hereinafter collectively "Pennsylvania Wage Laws"). Plaintiff asserts that Defendants failed to pay Plaintiff proper overtime compensation in violation of the FLSA and Pennsylvania Wage Laws.

## JURISDICTION AND VENUE

2.       The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court, in accordance with 28 U.S.C. § 1331, has original subject matter jurisdiction over Plaintiff's federal claims because this civil action arises under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.*  This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of this judicial district.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Plaintiff is an adult individual with an address as set forth in the caption.

8.      Defendant FTS International Services, LLC (hereinafter referred to as "Defendant FTS") is a company engaging in commerce in Pennsylvania and maintains headquarters at the address as set forth in the caption.

9.      Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Plaintiff and those similarly situated proper compensation pursuant to the FLSA.

10.     Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll for Plaintiff and those similarly situated.

11.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein as if set forth in full.

13.     On or about June 13, 2014, J-W Wireline hired Plaintiff as a Field Supervisor.

14.     In or around December 2014, Defendant FTS bought J-W Wireline's business.

15.     After Defendant FTS acquired J-W Wireline's business, Plaintiff continued working in the same position for Defendant FTS.

16.     Throughout Plaintiff's employment with Defendants, he worked out of the office located in Muncy, Pennsylvania.

### Defendants' Misclassification of Plaintiff

17.     The foregoing paragraphs are incorporated herein as if set forth in full.

18.     Plaintiff earned a salary of $96,000 per year plus a bi-weekly, non-discretionary "Wireline Bonus."

19.     Defendant paid said Wireline Bonus to Plaintiff pursuant to a promise that caused Plaintiff to expect such payments regularly.

20.     Moreover, Defendant regularly paid Plaintiff the Wireline bonus pursuant to the promise.

21.     Throughout Plaintiff's employment, he regularly worked at least 60 hours per workweek.

22.     Plaintiff did not have the authority to hire or fire other employees of Defendants during his employment.

23.     At no time did Plaintiff's primary duties consist of the performance of office or non-manual work directly related to management or general business operations, nor did Plaintiff exercise discretion or independent judgment over matters of significance on behalf of Defendants.

24.     Plaintiff's primary duty was the performance of manual labor tasks.

25.     Accordingly, at all times relevant herein Plaintiff was a non-exempt employee entitled to overtime compensation as required by the FLSA and the Pennsylvania Wage laws.

26.     Moreover, Defendants failed to implement a system to track the number of hours worked each workweek by Plaintiff.

**<u>Defendants' Failure to Pay Proper Overtime Rates to Plaintiff</u>**

27.     The foregoing paragraphs are incorporated herein as if set forth in full.

28.     Defendants failed to use a "weighted average," by applying the Wireline Bonuses earned by Plaintiff to determining his regular rate, upon which his overtime rate would be based.

29.     Accordingly, Defendants failed to pay Plaintiff at least one and one-half times his regular rate for all hours worked in excess of 40 hours in a workweek.

30.     Defendants' conduct regularly injured Plaintiff in this way throughout their employment with Defendants.

31.     As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
### Violations of the Fair Labor Standards Act (FLSA)
### (Failure to Pay Proper Overtime Compensation)

32.     The foregoing paragraphs are incorporated herein as if set forth in full.

33.     At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

34.     At all times relevant herein, Defendants are/were responsible for paying wages to Plaintiff.

35.     At all times relevant herein, Plaintiff was employed with Defendants as "employees" within the meaning of the FLSA.

36.     Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

37.     Defendants' violations of the FLSA include, but are not limited to, not paying Plaintiff at least 1.5 times his regular rate of pay for all hours worked in excess of forty per workweek as explained *supra*.

38.     Defendants' conduct in failing to properly pay Plaintiff was/is willful and was/is not based upon any reasonable interpretation of the law.

39.     Defendants' conduct caused Plaintiff to suffer damages.

## COUNT II
### Violations of the Pennsylvania Minimum Wage Law
### (Failure to pay Overtime Compensation)

40.     The foregoing paragraphs are incorporated herein as if set forth in full.

41.     At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the Pennsylvania Wage Laws.

42.     At all times relevant herein, Defendants were/are responsible for paying wages to Plaintiff.

43.     At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the Pennsylvania Wage Laws.

44.     Under the Pennsylvania Wage Laws, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

45.     Defendants' conduct in failing to pay Plaintiff proper overtime compensation for all hours worked beyond 40 per workweek violated the Pennsylvania Laws.

46.     Defendants' conduct in failing to properly pay Plaintiff was/is willful and was/is not based upon any reasonable interpretation of the law.

47.     Defendants' conduct caused Plaintiff to suffer damages.

## COUNT III
### Violations of the Pennsylvania Wage Payment and Collection Law
**(Failure to Pay Wages Earned)**

48.     The foregoing paragraphs are incorporated herein as if set forth in full.

49.     Defendants' conduct in failing to pay Plaintiff all wages earned violated the Pennsylvania Wage Laws.

50.     Defendants' conduct caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B.      Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendants' illegal actions;

C.      Plaintiff is to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E.      Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems appropriate; and

F.      Plaintiff's claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: August 31, 2017

## **DEMAND TO PRESERVE EVIDENCE**

1.      All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to their cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.